# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KRISTIN SHELTON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-14-575-M ) |
| CAROLYN COLVIN,<br>Acting Commissioner of the<br>Social Security Administration, | ) ) ) ) ) |
| Defendant. | ) |

## ORDER

On August 24, 2015, United States Magistrate Judge Charles B. Goodwin issued a Report and Recommendation in this action in which plaintiff seeks judicial review of the final decision of defendant Acting Commissioner of Social Security Administration ("Acting Commissioner"), denying plaintiff's applications for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f. The Magistrate Judge recommended the Acting Commissioner's decision in this matter be affirmed. The parties were advised of their right to object to the Report and Recommendation by September 7, 2015. Plaintiff has timely filed her objections.

In her objection, plaintiff contends that the Magistrate Judge erred in finding that the Administrative Law Judge ("ALJ") committed harmless error when

> the ALJ continued[ed] past step two and, in evaluating the claimant's RFC[1] and making subsequent determinations at steps three, four and five, consider[ed] the combined effect of all limitations caused by all of the claimant's impairments whether severe or nonsevere.

---
[1] Residual Functional Capacity ("RFC")

Plf.'s Obj. at 3 (citing R&R at 6). Plaintiff specifically contends that the Magistrate Judge erred because all of plaintiff's functional limitations were not in the RFC. Further, plaintiff contends that, pursuant to *Jaramillo v. Colvin*, 576 F. App'x 870 (10th Cir. 2014), the ALJ was required to use specific qualifying terms related to work-related mental function in his dispositive hypothetical to the Vocational Expert ("VE") and in the RFC findings.

Having carefully reviewed this matter <u>de novo</u>, the Court finds that the Magistrate Judge did not err when he found that it was harmless error for the ALJ not to consider plaintiff's anxiety disorder. The Magistrate Judge found, and the Court agrees, that the record did not reflect that plaintiff's anxiety disorder met the requirement for a cognizable severe or nonsevere medically determinable impairment. Further, the Court finds that the ALJ did not have to use specific qualifying terms related to work-related mental function in his hypothetical to the VE, or in the RFC findings, since the ALJ found that plaintiff's mental impairments did not meet or medically equal the severity of the impairments listed in 20 CFR Part 404, Subpart P, Appendix 1.

Accordingly, the Court:

(1) ADOPTS the Report and Recommendation [docket no. 13] issued by the Magistrate Judge on August 24, 2015, and

(2) AFFIRMS the decision of the Acting Commissioner.

**IT IS SO ORDERED this 22nd day of September, 2015.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE